LIBRADA DECLET, in her own right and as mother with *patria potestas* over her minor daughters AURORA AND ROSA DECLET, Plaintiffs and Appellants, *v.* WORKMEN'S RELIEF COMMISSION, Defendant and Appellee.

No. 4830. Argued January 18, 1929.—Decided June 24, 1929.

*Luis A. Castro* for the appellants. *James R. Beverley, Attorney General,* and *Emilio de Aldrey, Deputy,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Librada Declet, in her own right and as mother with *patria potestas* over her minor children Aurora and Rosa Declet, claimed from the Workmen's Relief Commission the sum of $3,500 for herself and her children by virtue of the death of her husband, Ramón Declet, on whom they all depended for their subsistence, alleging that his death was due to a certain accident suffered by Declet while he was working as a carpenter in the employment of the American Railroad Company of Porto Rico.

The Commission investigated the case and denied the petition. Its decision concludes as follows:

"The evidence shows that the said workman died in the municipal hospital of Bayamón from nephritis, according to a certificate of Dr. Juan C. Rodríguez.—After a careful study of all of the documents in the record we reach the conclusion that this is not one of the cases of death protected by our law and therefore we deny the said petition and order that the documents be filed."

Librada Declet appealed to the District Court of San Juan filing a complaint in accordance with the special law on the matter. After hearing the evidence introduced by the appel-

lant and examining the record of the Commission the district court dismissed the complaint. In the course of the statement of the case and opinion delivered in support of its judgment the court said:

"There is no relation whatever between the death and the accident, if there was one, and between this and the shower of rain which caused the alleged fall."

It ended as follows:

"It not appearing that the appellee Commission has erroneously weighed the evidence before it in deciding the case of the workman Ramón Declet and no evidence having been introduced authorizing this court to vary the decision appealed from, the court, in view of the law and jurisprudence applicable to the case and the evidence adduced, dismisses the complaint without costs."

Librada Declet appealed to this court. In her brief she raises some interesting questions on procedure and application of jurisprudence which need not be considered for a decision of the appeal. It may be admitted that the workman Declet supported his lawful wife and their minor children, and it may be admitted also that while Declet was working as a carpenter for the American Railroad Co. of Porto Rico on descending from a wagon in order to escape a shower of rain he suffered an accident; that he left the work and did not return, and that he died some months later in the hospital of Bayamón in consequence of nephritis.

What leads us to affirm the judgment appealed from is the absence of definite proof to establish the necessary causal relation between the death and the accident. The case was called for trial on April 20, 1928. After all the evidence introduced by her had been heard the plaintiff stated that she could not rest her case because she needed the testimony of Dr. Rodríguez. The court suspended the trial until May 8, 1928.

On that date it was proceeded with, but the plaintiff did not introduce the testimony of Dr. Rodríguez and there is no

explanation in the record of why she could not present it. The appellant says in her brief that the doctor was ill on that day and that she offered instead Volume 12 of the scientific work called The Americana which treats of the kidneys. The judge refers to this last matter in certifying the transcript. In the latter is not included the part of the work said to have been offered in evidence. The testimony of the doctor was essential. If his certificate is allowed to speak for itself, it says only that Declet died of nephritis and nephritis is not necessarily and exclusively the result of a blow.

The district court was, therefore, justified in rendering its judgment. The plaintiff did not prove that her husband's death was caused by the accident alleged to have been suffered by him and therefore did not show her right to claim in accordance with the provisions of the law on workmen's compensation applicable thereto.

The judgment appealed from must be affirmed.

Mr. Justice Aldrey took no part in the decision of this case.